UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN MENDEZ, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2716-B |
| | § | |
| BERKSHIRE PROPERTY | § | |
| ADVISORS, L.L.C. d/b/a BERKSHIRE | § | |
| RESIDENTIAL INVESTMENTS; | § | |
| BMEF STONELEIGH LIMITED | § | |
| PARTNERSHIP; and BERKSHIRE | § | |
| COMMUNITIES, LLC, | § | |
| | § | |
|    Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Juan Mendez's Agreed Motion to Determine Applicability of Texas Civil Practices and Remedies Code § 18.001 *et seq.* (Doc. 5). The Court **GRANTS** the Motion and **DETERMINES** that § 18.001 *et seq.* is inapplicable in federal court.

## I.

## BACKGROUND

This is a premises liability case. Mendez lived at an apartment complex owned and managed by Defendants. Doc. 1-2, Pet., ¶¶ 9, 11–2. Mendez alleges that he fell into a drainage ditch while he was walking his dog in the apartment complex. *Id.* ¶ 7. He was injured as a result. *Id.*

Mendez initiated this action in County Court at Law No. 1 of Dallas County, Texas. *See* Doc. 1, Notice of Removal, ¶ 1; *see also* Doc. 1-3, Citation, 1; Doc. 1-5, Citation, 1. He claims that the drainage ditch was an unreasonably dangerous condition on the property and that Defendants knew or should have known of the danger it posed. Doc. 1-2, Pet., ¶ 9. He further alleges that

Defendants failed "to inspect and make safe [the] dangerous condition or provide adequate warning of the dangerous condition." *Id.* ¶ 10. As such, Mendez maintains that Defendants are liable for damages he sustained from falling into the drainage ditch. *Id.* ¶¶ 11–12. Among the damages for which he claims Defendants are liable are his past and future medical expenses. *Id.* ¶ 14.

Defendants removed this case to federal court on December 8, 2023. Doc. 1, Notice of Removal. The basis for removal was diversity jurisdiction under 28 U.S.C. § 1332.[1] *Id.* at 2.

After removal, Mendez filed the present Motion, asking the Court to determine whether Texas Civil Practices and Remedies Code § 18.001 *et seq.* is applicable in federal court. Doc. 5, Mot. At a high level, § 18.001 allows a party, under certain circumstances, to prove that a service (e.g., medical services) and its costs were reasonable and necessary by an uncontroverted affidavit; such an affidavit, however, is not conclusive of evidence of such facts. *See* TEX. CIV. PRAC. & REM. CODE § 18.001(b). Mendez's Motion is unopposed. *See* Doc. 5, Mot., 3. The Court considers it below.

---

[1] Diversity jurisdiction under 28 U.S.C. § 1332 has been properly established. The Notice of Removal alleged that Mendez, an individual, resides in Texas and thus is a citizen of this state. Doc. 1, Notice of Removal, ¶¶ 5, 8. It further alleged that neither of the two, original Defendants were citizens of Texas. *See id.* ¶ 6 ("Defendant BMEF Stoneleigh Limited Partnership is a Delaware limited partnership, and no general or limited partner of the LP is a citizen of Texas."); *id.* ¶ 7 ("[Defendant] Berkshire Property Advisors, L.L.C. is a Delaware limited liability company, and no member of the LLC is a citizen of Texas."). One of the original Defendants was non-suited and replaced with a third Defendant, who also is not a citizen of Texas. *See* Doc. 8, Am. Compl., ¶¶ 3–4; Doc. 10, Pl.'s OSC Resp., ¶ 6 (explaining that Defense counsel represented that Defendant Berkshire Communities, LLC "is a foreign limited liability company, and no member of the LLC is a citizen of Texas."). Finally, the amount in controversy exceeded $75,000 as Mendez seeks monetary relief "in excess of $250,000.00." Doc. 1-2, Pet., ¶ 6. Thus, the Court possesses subject-matter jurisdiction over this dispute under 28 U.S.C. § 1332.

## II.

## LEGAL STANDARD

Under the *Erie* doctrine, "federal courts apply substantive state law when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (describing the holding in *Erie R.R. v. Tomkins*, 304 U.S. 64 (1938)). "In determining whether to apply a state law, courts first assess whether the state rule conflicts with a federal law or rule." *Davila v. Kroger Texas, LP*, No. 3:19-CV-2467-N, 2020 WL 2331079, at *1 (N.D. Tex. May 8, 2020) (Godbey, J.). Absent a valid federal rule on point, the Court must ascertain whether the state law is substantive or procedural under *Erie*, adhering to the "twin aims" of the doctrine: discouragement of forum-shopping and avoidance of inequitable administration of the laws. *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990) (citing, *inter alia*, *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)).

## III.

## ANALYSIS

The issue presented here is whether § 18.001, which allows a party to offer proof of a fact by affidavit, is applicable in federal court in a diversity case. The Court concludes that it is not.

"Section 18.001 of the Texas Civil Practices and Remedies Code was enacted 'to streamline proof of the reasonableness and necessity of medical expenses.'" *Newby v. Kroger Co.*, No. 3:19-CV-2510-N, 2020 WL 3963740, at *1 (N.D. Tex. July 11, 2020) (Godbey, J.) (quoting *Gunn v. McCoy*, 554 S.W.3d 645, 672 (Tex. 2018)). It does this by "identifying the type of evidence Texas courts find sufficient to support a finding that a particular service was necessary or reasonable in cost." *Baird v. Shagdarsuren*, No. 3:17-CV-2000-B, 2019 WL 2286084, at *1 (N.D. Tex. May 29, 2019) (Boyle, J.) (citing Tex. Civ. Prac. & Rem. Code § 18.001). At issue here is § 18.001(b),

which "specifies when an affidavit is acceptable to support a finding of fact by the judge or jury[.]" *Id*. Specifically, § 18.001(b) provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary. The affidavit is not evidence of and does not support a finding of the causation element of the cause of action that is the basis for the civil action.

TEX. CIV. PRAC. & REM. CODE § 18.001(b).

Mendez argues that he should be able to prove his damages by way of affidavit in accordance with § 18.001. Doc. 6, Mot. Br. ¶ 7. In his view, § 18.001 is substantive, and it is not in conflict with federal law. *Id*. ¶ 5. Thus, he claims, § 18.001 is applicable in this diversity case. *See id*. ¶ 9. The Court disagrees.

The Supreme Court of Texas has described § 18.001 as "purely procedural," *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011), and most courts in this District—including this one—have rejected its use in federal proceedings. *See Baird*, 2019 WL 2286084, at *2 (Boyle, J.) ("Because the Texas Supreme Court has now held that § 18.001 is a procedural rule, the statute is inapplicable in federal court."); *Holland v. United States*, No. 3:14-CV-3780-L, 2016 WL 11605952, at *1 (N.D. Tex. July 21, 2016) (Lindsay, J.) ("As the Texas Supreme Court has explicitly characterized Section 18.001 as procedural, the statute is not applicable in this action."); *Davila*, 2020 WL 2331079, at *3 (Godbey, J.) ("[T]he Court holds that section 18.001 conflicts with a valid Federal Rule of Evidence, Rule 801, under the analysis applied by the Fifth Circuit . . . . Further, the Texas Supreme Court's 2018 decision in *Gunn* persuades this Court that section 18.001 is a procedural rule, not a substantive law providing a presumption regarding the damages element of a state negligence claim, and that it is thus not rendered applicable by Federal Rule of

Evidence 302."); *Ramos v. Home Depot Inc.*, No. 3:20-CV-01768-X, 2022 WL 615023, at *2 (N.D. Tex. Mar. 1, 2022) (Starr, J.) ("[C]ourts in this district have recently held that section 18.001 is inapplicable in federal court, even in a case in which subject matter jurisdiction is based on diversity of citizenship. The Court finds the reasoning in these cases persuasive." (citation and footnote omitted)); *Jones v. QuikTrip Corp.*, No. 3:19-CV-2671-D, 2020 WL 6149967, at *2 (N.D. Tex. Oct. 20, 2020) (Fitzwater, J.) ("The court . . . now holds that the procedure of § 18.001(b) is inapplicable in federal court, even in a case in which subject matter jurisdiction is based on diversity of citizenship."); *Sanchez v. Aldi Texas, LLC*, No. 3:21-CV-0165-K, 2021 WL 4441982, at *2 (N.D. Tex. Apr. 28, 2021) (Kinkeade, J.) ("In light of the Texas Supreme Court's holdings that this statute is purely procedural and the Fifth Circuit's analysis as to an analogous statute, the Court finds § 18.001 is inapplicable in federal court."); *Suh v. Tyson Foods, Inc.*, No. 4:19-CV-00409-O, 2020 WL 13490747, at *7 (N.D. Tex. June 2, 2020) (O'Connor, J.) ("Because Section 18.001 conflicts with Federal Rule of Evidence 801, which is also a valid procedural rule, Section 18.001 does not apply in federal court." (citations omitted)); *Truong v. Davis Transp., Inc.*, No. 3:21-CV-0966-G, 2021 WL 8343392, at *1 (N.D. Tex. July 31, 2021) (Fish, J.) (same); *Wallace v. Fiesta Mart, LLC*, No. 3:22-CV-1612-B-BH, 2023 WL 8360062, at *3 (N.D. Tex. Dec. 1, 2023) (Ramirez, M.J.) ("Because federal law governs procedural matters, and § 18.001 is a procedural law, the procedures of § 18.001(b) are inapplicable in this diversity action."); *Gills v. QuikTrip Corp.*, No. 3:19-CV-2121-L-BK, 2020 WL 13429847, at *2 (N.D. Tex. July 16, 2020) (Toliver, M.J.) ("[T]he Texas Supreme Court's decision in *Gunn* and this court's recent decisions in *Baird* and *Davila* persuade the undersigned that section 18.001 is not applicable here as it would impose evidence admissibility standards that are best viewed as procedural provisions."); *Burns-Pipkins v. Conway Courier Serv., Inc.*, No. 3:20-CV-284-K-BN, 2020 WL 6583020, at *1 (N.D. Tex. Nov. 9,

2020) (Horan, M.J.) ("[T]he procedure that Plaintiff and Intervenor have invoked is improper because Section 18.001(b) is procedural and therefore inapplicable in federal court, even in a case in which subject matter jurisdiction is based on diversity of citizenship.").

The view that § 18.001 is inapplicable in federal court, however, is not unanimous within this District. *See Chapman v. QuikTrip Corp.*, No. 3:21-CV-2314-S, 2022 WL 4002904, at *5 (N.D. Tex. Aug. 31, 2022) (Scholer, J.) ("[T]he Court finds that Section 18.001 is bound up in state substantive rights such that it must apply in order to avoid the inequitable administration of laws." (quotations omitted)); *Butler v. United States*, No. 3:15-CV-2969-M, 2017 WL 11696361, at *2 (N.D. Tex. June 2, 2017) (Lynn, J.) ("The Court concludes that § 18.001 applies in this case, and rejects the notion that merely because the Texas Supreme Court characterizes a statute as procedural precludes its application in an FTCA action in federal court."); *Wilks v. Johnson*, No. 4:20-CV-00006-P, 2020 WL 12151330, at *1 (N.D. Tex. Sept. 28, 2020) (Pittman, J.) ("[T]he undersigned conclude[s] that Section 18.001 is substantive rather than purely procedural because it relates to the issue of evidentiary sufficiency."); *Duplessis v. Singh*, No. 2:21-CV-234-BR, 2023 WL 4010380, at *4 (N.D. Tex. June 14, 2023) (Reno, M.J.) ("[T]he Court finds § 18.001 is substantive in nature and thus applicable in federal court . . . ." (footnote omitted)); *see also Schmidt v. Blue Monster Transp., Inc.*, 606 F. Supp. 3d 424, 426–27 (N.D. Tex. 2022) (Hendrix, J.) ("This stark division demonstrates that discerning on which side of the substance/procedure line Section 18.001 falls is a bedeviling question. Regardless of where a court falls, however, there is an urgent need for the Fifth Circuit to step in and provide clarity.").

Nevertheless, the Court respectfully stands by its decision in *Baird* and concludes that § 18.001 is not applicable in federal court. *See* 2019 WL 2286084, at *2. To begin, the Supreme Court of Texas continues to characterize § 18.001 as either "purely procedural" or "evidentiary,"

rather than substantive. *See Haygood*, 356 S.W.3d at 397; *Gunn*, 554 S.W.3d at 672; *In re Allstate Indem. Co.*, 622 S.W.3d 870, 881 (Tex. 2021); *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 250 (Tex. 2021). While a state court's characterization of a law is not always determinative, this Court is hesitant to second-guess the Supreme Court of Texas's repeated characterization of § 18.001 as procedural.

Second, as several courts have previously observed, § 18.001 conflicts with the Federal Rules of Evidence. *See Davila*, 2020 WL 2331079, at *3; *Suh*, 2020 WL 13490747, at *7. "[T]he test of whether a conflict between the Federal Rules and a state statute exists is not whether it is logically possible for a court to comply with the requirements of both, but whether the Federal Rules in question are sufficiently broad to control the issue before the court." *Klocke v. Watson*, 936 F.3d 240, 247 (5th Cir. 2019) (citations omitted). Here, Federal Rule of Evidence 802 provides "[h]earsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." FED. R. EVID. 802. Section 18.001, however, "is an evidentiary statute which . . . allows for the admissibility, by affidavit, of evidence of the reasonableness and necessity of charges which would otherwise be inadmissible hearsay." *Allstate Indem. Co.*, 622 S.W.3d at 881 (citation omitted). While there are a number of exceptions or exclusions to the federal hearsay rule, none expressly permit affidavits of the kind permitted by § 18.001. *See* FED. R. EVID. 801, 803–04. "Because § 18.001 'makes admissible a form of evidence otherwise barred by Federal Rule of Evidence 801 [and 802] and not admissible under any hearsay exception,' the Texas statute directly conflicts with the federal rules." *Espinoza v. State Farm Mut. Auto. Ins. Co.*, No. 7:19-CV-00299, 2020 WL 4333558, at *6 (S.D. Tex. July 28, 2020) (alteration in original) (citing *Davila*, 2020 WL 2331079, at *3).

To be sure, some courts have found § 18.001 affidavits admissible under the residual exception to the hearsay rule, Federal Rule of Evidence 807. *See Chapman*, 2022 WL 4002904, at *3; *Duplessis*, 2023 WL 4010380, at *5. Rule 807 provides that hearsay is admissible if the evidence (1) "is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement" and (2) "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." FED. R. EVID. 807(a). Applying this residual exception, courts have concluded that because § 18.001 affidavits were admissible under Rule 807, there was no conflict between federal and state law existed for purposes of *Erie*. *See Chapman*, 2022 WL 4002904, at *3. However, the Court questions the propriety of prospectively concluding that any affidavit that meets the requirements of § 18.001 likewise meets the requirements of Rule 807, which "is to be used only rarely, in truly exceptional cases." *United States v. Reed*, 908 F.3d 102, 120 (5th Cir. 2018) (citation omitted).

The Court is of the opinion that Rule 807 does not alleviate the conflict presented here. Rule 807 requires district courts to exercise their discretion to make two threshold findings, which focus on the reliability of the particular piece of evidence and the proponent's inability to reasonably obtain more probative evidence on the same point. FED. R. EVID. 807(a); *see In re Imperial Petroleum Recovery Corp.*, 84 F.4th 264, 270 (5th Cir. 2023). Section 18.001, on the other hand, requires that uncontroverted affidavits be admitted in all instances in which the requirements of § 18.001—which are demonstrably different than Rule 807's requirements—are satisfied. *See* TEX. CIV. PRAC. & REM. CODE § 18.001(a)–(d); *In re Chefs' Produce of Houston, Inc.*, 667 S.W.3d 297, 302 (Tex. 2023). Thus, applying § 18.001 in federal court would replace Rule

807's standards for admissibility with an entirely different regime. In this Court's view, that is a direct conflict. *See Klocke*, 936 F.3d at 244.

Based on the clear weight of authority in this District, the Supreme Court of Texas's repeated characterization of § 18.001 as procedural, and the conflict between § 18.001 and the Federal Rules of Evidence, the Court again concludes that § 18.001 does not apply in federal court.

## IV.
## CONCLUSION

For these reasons, the Court **GRANTS** Mendez's Motion (Doc. 5). The Court **DETERMINES** that § 18.001 does not apply in federal court.

**SO ORDERED.**

**SIGNED: August 27, 2024.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE