UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN MENDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2716-B |
| | § | |
| BERKSHIRE PROPERTY | § | |
| ADVISORS, L.L.C. d/b/a BERKSHIRE | § | |
| RESIDENTIAL INVESTMENTS; | § | |
| BMEF STONELEIGH LIMITED | § | |
| PARTNERSHIP; and BERKSHIRE | § | |
| COMMUNITIES, LLC, | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION & ORDER</u>

Before the Court is Defendants Berkshire Property Advisers, L.L.C. d/b/a Berkshire

Residential Investments ("Berkshire Residential"), BMEF Stoneleigh Limited Partnership

("BMEF"), and Berkshire Communities, LLC ("Berkshire Communities") (collectively

"Defendants")'s Motion for Summary Judgment (Doc. 37). For the following reasons, Defendants'

Motion for Summary Judgment is **DENIED** (Doc. 37).

I.

BACKGROUND

This is a personal injury case. Plaintiff Juan Mendez leased an apartment owned by BMEF

and managed by Berkshire Community in January 2022. Doc. 37, Defs.'s App'x, 3.[1] There are two

dog parks located on the apartment building's property. *Id.* at 70. Mendez walked his dog at one of

the parks two to three times per day, including at night. *Id.* at 46. He and his dog took the same

---

[1] The page numbers refer to ECF pagination.

route every time they went for a walk. *Id.* at 47. A drainage ditch was located a few feet away from the gate Mendez used to enter the park for his dog walks. Doc. 39, Pl.'s App'x, 4, 7. There was no lighting near the ditch. *Id.* Mendez had walked by this ditch hundreds of times, since he always went on the same route when he walked his dog. Doc. 37, Defs.'s App'x, 47. On August 1, 2022, Mendez took his dog for a walk at night. Doc. 39, Pl.'s App'x, 4. Mendez's dog pulled on the leash, causing Mendez to fall down the ditch. *Id.*; Doc. 37, Defs.'s App'x, 48. Mendez sustained injuries and sued Defendants for damages asserting claims of premises liability and respondeat superior. Doc. 39, Pl.'s App'x, 4; Doc. 8, Am. Compl., ¶¶ 9–12. The Defendants filed a Motion for Summary Judgment on all claims. Doc. 37, Mot. Summ. J., 2. The Court considers their Motion below.

## II.

## LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). On a motion for summary judgment, the burden is on the movant to prove that no genuine issue of material fact exists. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 371–72 (5th Cir. 2002).

If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Latimer v. SmithKline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Once the movant has met its burden, the burden shifts to the non-movant, who must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). A non-moving party with the burden of proof must "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim," *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004), and "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting Fed R. Civ. P. 56(e)). Finally, the evidence plaintiff proffers "must be competent and admissible at trial." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

### III.

### ANALYSIS

The Court **DENIES** Defendants' Motion for Summary Judgment. To establish a claim for premises liability, a plaintiff must show:

> (1) that [the defendant] had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to [the plaintiff]; (3) that [the defendant] did not exercise reasonable care to reduce or to eliminate the risk; and

(4) that [the defendant's] failure to use such care proximately caused [the plaintiff's] personal injuries.

*United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). There Court finds there is a genuine issue of material fact on all four elements of the claim and therefore denies Defendants' Motion.

A.    *There Is a Genuine Issue of Fact on Whether Defendants Had Actual or Constructive Knowledge as to a Dangerous Condition.*

An invitee in a premises-liability case "must prove that the premises owner had actual or constructive knowledge of a dangerous condition on the premises." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 813 (Tex. 2002). "Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 397 (Tex. 2016). "[C]onstructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 103–04 (Tex. 2000).

There is a genuine issue of fact on whether Defendants had actual knowledge. "Courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition" to determine actual knowledge. *Sampson*, 500 S.W.3d at 392 (quoting *Univ. of Tex.–Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008). In *Aguilar*, a plaintiff sued a university after he tripped on a water hose lying across the campus sidewalk. *Aguilar*, 251 S.W.3d at 512. The Court held that the defendant did not have actual or constructive knowledge as to the risks of the water hose because there had been no incidents of others tripping in the past five years. *Id.* at 513. Defendants argue the holding applies to them because there has never been a similar accident, nor a complaint of either land or lighting

conditions for 12 years. Doc. 38, Mot. Summ. J, 8. But the facts are distinguishable. A jury could find that an unlit drainage ditch with a cement base poses a foreseeable risk of harm in an unlit dog park. A dog could easily pull the leash, causing a person to fall down the ditch and onto the cement. The unlit ditch poses an obvious risk of danger in a way that a water hose on a sidewalk does not. Thus, a jury could find that Defendants had knowledge of the dangerous conditions.

B.    *There Is a Genuine Issue of Material Fact on Whether the Conditions Posed an Unreasonable Risk of Harm to Mendez.*

"A condition is unreasonably dangerous if it presents an unreasonable risk of harm." *Id.* at 163. A condition "is not unreasonably dangerous simply because it is not foolproof." *Id.* The Defendants argue that the unlit ditch was not unreasonably dangerous. A jury could find that an unlit ditch in a dog park poses an unreasonable risk of harm. In *Brooks v. First Assembly of God Church of Cleburne*, a plaintiff sued a church after he fell on a curb in an unlit parking lot. 86 S.W.3d 793, 794 (Tex. App.-Waco 2002, no pet.). The court held that the plaintiff raised an issue of fact regarding whether the curb in the dark parking lot posed an unreasonable risk of harm. *Id.* at 796–97. Here too, Mendez raises a genuine issue of fact on whether the unlit ditch posed an unreasonable risk of harm.

C.    *There Is a Genuine Issue of Material Fact on Whether the Defendants Exercised Reasonable Care to Reduce or Eliminate the Risk.*

"A landowner has a duty to exercise reasonable care to make the premises safe to invitees." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015). A landowner can satisfy this duty by eliminating the dangerous condition, mitigating the danger, or in some cases, warning of the danger. *Id.* Here, Defendants admit that they made no effort to reduce or eliminate the risk of the unlit ditch because they argue it is not a dangerous condition. Thus, a jury may find that they failed to exercise reasonable care in reducing or eliminating the risk of the unlit ditch.

D.  *There Is a Genuine Issue of Material Fact on Whether the Defendants Proximately Caused Mendez's*
    *Injuries.*

Proximate cause has two elements: cause in fact and foreseeability. *Travis v. City of Mesquite*,
830 S.W.2d 94, 98 (Tex. 1992). "The test for cause in fact is whether the act or omission was a
substantial factor in causing the injury without which the harm would not have occurred." *Western*
*Investments, Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). Foreseeability "means that the actor, as
a person of ordinary intelligence, should have anticipated the dangers that his negligent act created
for others." *Travis*, 830 S.W.2d at 98. Here, a jury could find that the lack of lighting around the
ditch was a substantial factor in causing Mendez to walk near it and fall at night. Similarly, a jury
could find that Defendants should have anticipated the dangers of an unlit ditch in a park where
owners would walk their dogs at night.

E.  *Defendants Are Barred from Using the "Open and Obvious" Doctrine Because They Failed to Assert*
    *It As An Affirmative Defense in Their Answer.*

Defendants argue that they owed no duty of care to Mendez under the "open and obvious"
doctrine. Doc. 38, Mot. Summ. J., 10–12. Under this doctrine, a defendant owes no duty of care to
a plaintiff when:

invitees are aware of dangerous premises conditions—whether because the danger is obvious or
because the landowner provided an adequate warning—the condition will, in most cases, no longer
pose an unreasonable risk because the law presumes that invitees will take reasonable measures to
protect themselves against known risks, which may include a decision not to accept the invitation
to enter onto the landowner's premises.

*Austin*, 465 S.W.3d at 203.

The open and obvious doctrine is an affirmative defense. *See e.g.*, *Andres v. Rosewood Hotels*
*& Resorts, LLC*, No. 3:19-CV-01374, 2021 WL 4709734, at *1 (N.D. Tex. Oct. 8, 2021) (Lindsay, J.);
*Hole v. W & T Offshore, Inc.*, No. 4:21-CV-03212, 2023 WL 1822413, at *2 (S.D. Tex. Feb. 8, 2023);
Affirmative defenses must be pleaded in a defendant's answer. FED. R. CIV. P. 8(c). Because

Defendants failed to plead this defense in their answer, they are barred from asserting it in their Motion. *See generally* Doc. 12, Answer. Because genuine issues of material fact remain, Defendants' Motion for Summary Judgment is denied.

## IV.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **DENIED** (Doc. 37).

**SO ORDERED**.

**SIGNED: February 4, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE