UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN MENDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2716-B |
| | § | |
| BERKSHIRE PROPERTY | § | |
| ADVISORS, L.L.C. d/b/a BERKSHIRE | § | |
| RESIDENTIAL INVESTMENTS; | § | |
| BMEF STONELEIGH LIMITED | § | |
| PARTNERSHIP; and BERKSHIRE | § | |
| COMMUNITIES, LLC; | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION & ORDER</u>

Before the Court is Defendant Berkshire Communities, L.L.C. and BMEF Stoneleigh Limited Partnership (collectively "Defendants")'s Motion for Leave to File an Amended Answer (Doc. 49). For the following reasons, the Court **DENIES** Defendants' Motion for Leave.

This is a personal injury case arising from injuries Plaintiff Juan Mendez sustained on Defendants' property. On March 18, 2024, the Court entered a scheduling order (Doc. 16). The Scheduling Order set the deadline for Motions to Amend Pleadings as May 6, 2024. Doc. 16, Scheduling Order, 1. The deadline for Dispositive Motions was December 12, 2024. *Id.* On February 4, 2025, the Court denied Defendants' Motion for Summary Judgment because there was a genuine issue of material fact on Mendez's claims. Doc. 47, Mem. Op. & Order, 1. The Court also held that Defendants were barred from using an affirmative defense because they failed to assert it in their Answer. *Id.* at 6–7. Trial was scheduled for March 17, 2025, but the Court vacated the trial date because Defendants' Counsel is taking a vacation. Doc. 44, Mot. Continue, 1; Doc. 46, Order, 2.

-1-

On February 11, 2025, Defendants filed a Motion for Leave to File an Amended Answer. Doc. 49, Mot. Defendants seek to include the affirmative defense in their Amended Answer. *Id.* at 3. The Court considers their Motion below.

Once a scheduling order's deadline to amend the pleadings has passed, parties moving to amend their pleadings must satisfy Federal Rule of Civil Procedure 16(b). *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Rule 16(b)(4) requires the moving party to show that "good cause" warrants amending its pleadings. FED. R. CIV. P. 16(b)(4). The Fifth Circuit has interpreted the "good cause" standard to assess four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.*, 315 F.3d at 536 (internal alterations and quotations omitted). District courts also "more carefully scrutinize a party's attempt to raise new theories . . . by amendment when the opposing party has filed a motion for summary judgment." *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999); *see also Wade v. Cycle Mart, L.P.*, No. A-14-CV-00427-ML, 2015 WL 4404876, at *4 (W.D. Tex. July 17, 2015). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters., L.L.C.*, 315 F.3d at 536.

The Court finds good cause does not exist to grant leave to amend. First, Defendants fail to provide sufficient explanation for why it moved for leave to amend only after the Court ruled on its Motion for Summary Judgment. "To provide sufficient explanation for failure to timely move for leave to amend, the moving party . . . must show that, despite his diligence, he could not have reasonably met the scheduling deadline." *Hammond v. United States*, No. 1:21-CV-00686-DAE, 2023

WL 8113860, at *3 (W.D. Tex. June 6, 2023) (citation omitted). Defendants do not explain why they did not assert this affirmative defense in their Answer or why they did not move to amend before attempting to rely on this affirmative defense in their Motion for Summary Judgment. Under these circumstances, the Court concludes that the first factor weighs against granting leave to amend.

Second, the importance of this new claim weighs in favor of Defendants, but the other three factors outweigh this. "Amendments are considered important when they potentially provide additional grounds for [a party] to recover . . . or directly affect a party's prospects of ultimate recovery." *AFS Logistics, LLC v. Tetria Glob. Logistics*, No. 4:21-CV-01086-O, 2022 WL 3904697, at *2 (N.D. Tex. May 11, 2022) (O'Connor, J.) (citations omitted). Defendants assert an affirmative defense that would potentially defeat Mendez's claims. Doc. 49-1, Am. Answer, ¶ 17. However, this factor alone is not enough to demonstrate good cause given that the other three factors strongly weigh against granting leave to amend. *See E.E.O.C. v. Service Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (affirming a district court's determination that the defendant's failure to account for its delay was dispositive, outweighing the other three factors).

Third, allowing Defendants to assert a new affirmative defense after the Court has already ruled on their Motion for Summary Judgment would prejudice Mendez. Defendants argue that Mendez will not be prejudiced but do not explain why. Doc. 49, Mot., 3. The Court disagrees with Defendants' bare assertion. Mendez has litigated this case for over a year without notice of this affirmative defense. Allowing Defendants to amend at this stage would require Mendez to litigate against an affirmative defense without having the chance to conduct discovery on it or address it in dispositive motions. Defendants' assertion is thus unavailing.

Fourth, this prejudice cannot be cured by a continuance, because allowing Defendants to amend their Answer would unnecessarily delay trial and increase litigation costs. If the Court granted leave to amend, the Court would need to potentially reopen the deadline for discovery and dispositive motions, both of which have already passed. And, as the Court discussed above, Mendez has already expended resources preparing for trial under the assumption that this affirmative defense would not apply. Thus, granting leave to amend would almost certainly result in additional, costly motion practice and delay trial. *See S&W Enterprises*, 315 F.3d at 537. The fourth factor also weighs against granting Defendants leave to amend.

Accordingly, the Court **DENIES** Defendants' Motion for Leave to File an Amended Answer (Doc. 49).

**SO ORDERED.**

**SIGNED: February 14, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE